# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

REGINALD WATSON,                )
                                )
        Plaintiff,            )
                                )
    v.                        )        No. 4:09CV1773 CEJ
                                )
MISSOURI DIVISION OF            )
EMPLOYMENT SECURITY,            )
                                )
        Defendant.            )

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court upon the motion of plaintiff for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to Fed.R.Civ.P. 12(h)(3).

### The Complaint

Plaintiff brings this action seeking a review of a denial of unemployment benefits by the Missouri Division of Employment Security. In his complaint, and in the

accompanying documents,[1] plaintiff states that he was terminated from his employment at the Missouri Department of Social Services, Division of Youth Services, on or about May 28, 2009. After his termination from his employment, plaintiff applied for unemployment benefits at the Missouri Division of Employment Security. Plaintiff's application was denied by a Deputy at the Division of Employment Security, on June 25, 2009. Plaintiff appealed the denial to the Appeals Tribunal, which affirmed the denial of benefits on October 22, 2009, due to "misconduct," as outlined by the Missouri Employment Security Law, Mo.Rev.Stat. §288.030.1. In the October 22, 2009 denial of benefits, plaintiff was informed that he could "appeal the decision [of the Appeals Tribunal] by filing an application for review (Application) to the Labor and Industrial Relations Commission."

Plaintiff requests that this Court "compel the Division of Employment to refrain from violation of plaintiff's protected rights, and pay plaintiff's entitlement to unemployment compensation as sought." Plaintiff additionally seeks a temporary restraining order requiring the Department to provide him with unemployment benefits.

## Discussion

---

[1]Pursuant to Fed.R.Civ.P. 10(c), the Court construes the exhibits attached to the complaint as part of the pleading.

At the outset, the Court notes that plaintiff has failed to state the jurisdictional basis for filing this action in federal court. Plaintiff has not set forth any laws or constitutionally-protected rights that defendants allegedly have violated. See 28 U.S.C. § 1331. Plaintiff does not cite to any federal statute or provision of the United States Constitution in the complaint, and it does not appear that the action arises under the Constitution, laws, or treaties of the United States. As such, federal question jurisdiction pursuant to 28 U.S.C. § 1331 is inapplicable.

In essence, plaintiff seeks federal court review of a state court judgment. Federal district courts are courts of original jurisdiction; they lack subject matter jurisdiction to engage in appellate review of state court decisions. Postma v. First Fed. Sav. & Loan, 74 F.3d 160, 162 (8th Cir. 1996) ("Review of state court decisions may be had only in the Supreme Court."). As such, plaintiff's complaint is subject to dismissal for lack of subject matter jurisdiction, and the Court lacks jurisdiction to entertain his motion for temporary restraining order. Fed.R.Civ.P. 12(h)(3).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's motion for temporary restraining order [Doc. #4] is **denied**.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss [Doc. #6] is

**denied as moot**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause

process to issue upon the complaint because the Court lacks jurisdiction over this case.

Fed.R.Civ.P. 12(h)(3).


Dated this 12th day of November, 2009.


_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE